IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

In re:                                                          No. C 05-02138 CRB

    TARA HILLS, INC.,                            **MEMORANDUM AND ORDER**

                  Debtor           Bankruptcy No. 04-44259-EDJ
_____/

      Debtor Tara Hills, Inc. appeals under 28 U.S.C. section 158(a) the bankruptcy court's Order Denying Motion to Reopen, which prevented debtor from filing an adversary proceeding against creditor Homecomings Financial Network for a violation of the automatic stay.  Debtor raises two issues on appeal: 1) whether the bankruptcy court violated debtor's due process rights by granting creditor's relief from the automatic stay in an ex parte proceeding that the docket indicated was "moot off calendar"; and 2) whether the bankruptcy court's subsequent decision to sua sponte grant retroactive stay relief to the date of petition was permissible.

### BACKGROUND

      Debtor, proceeding pro se through its CEO John Brosnan, filed a Chapter 11 petition on August 3, 2004.[1]  On October 25, 2004, the Bankruptcy Court dismissed the case as a bad faith filing.  The Court stayed its order for 15 days to allow for debtor to move for reconsideration with the assistance of legal representation.  Debtor never sought

---

[1] Pursuant to 11 U.S.C. § 362(a)(1), upon the filing of a bankruptcy action, a bankruptcy petition filed under title 11 operates as an automatic stay applicable to all entities on any commencement, continuation, or enforcement of any claim against the debtor or estate.

reconsideration and the bankruptcy court terminated the case on November 10, 2004, after the 15-days window had elapsed.

On October 13, 2004, creditor filed a Motion for Relief from Stay in order to foreclose on property owned of Tara Hills. Debtor never filed a brief opposing creditor's motion. A docket entry on the Public Access to Court Electronic Records ("PACER") for October 26 subsequently indicated that the Motion for Relief from Stay filed by creditor was "moot off calendar." Debtor did not appear on October 29. Counsel for Creditor did appear on October 29, and the bankruptcy judge signed a Judgment and Order Terminating Automatic Stay (the "Stay Relief Order"). PACER reflected the Stay Relief Order on October 29 but the Order was only entered on November 1. Creditor sold debtor's real property located in Hercules, California on November 1, 2004, at a trustee's sale to a third-party bidder.

After retaining counsel, debtor moved to reopen the bankruptcy proceeding on March 10, 2005, in order to file an adversary proceeding against creditor for a violation of the automatic stay. On April 15, 2005, the bankruptcy court issued a Memorandum Decision and an Order Denying Motion to Reinstate Case. The court stated: "The court will deny Tara Hills' motion, and to avoid any ambiguity as to the appropriate result here, will issue its order annulling the automatic stay retroactive to the date of the petition." On May 3, 2005, the bankruptcy court denied debtor's motion for reconsideration. On May 24, 2005, debtor filed this appeal. The United States Trustee filed a letter stating it was not a party to the proceedings leading to appeal and would not file an opposing brief. Creditor also did not file a brief.

**DISCUSSION**

**I.  Legal Standard**

The district court has jurisdiction to review final decisions of the bankruptcy court under 28 U.S.C. § 158(a). Issues of law are reviewed de novo. In re Schwartz, 954 F.2d 569, 571 (9th Cir. 1992). A court's decision to grant retroactive stay relief is reviewed under an abuse of discretion standard. In re Fjeldsted, 293 B.R. 12, 18 (9th Cir. 2003) ("The

2

bankruptcy court will be reversed only if it based its ruling upon an erroneous view of the law or a clearly erroneous assessment of the evidence.").

**II.    Analysis**

Debtor seeks to reopen this case in order to file a complaint for a violation by creditor of the stay relief granted by the bankruptcy court in October 2004. To that end, debtor argues that it was denied its due process rights and that the bankruptcy court improperly granted retroactive application of the stay relief to the date of petition without a motion by either party. Notably, debtor does not challenge the bankruptcy court's finding that the petition was a bad faith filing.

First, debtor argues that it was improper for the bankruptcy court to sua sponte apply the stay relief retroactively to the date of the petition. Debtor concedes that the bankruptcy court has the authority to grant retroactive relief from the automatic stay. See In re Duvar Apt., Inc., 205 B.R. 196, 200 (9th Cir. 1996) ("The existence of bad faith in commencing a bankruptcy case constitutes cause for granting relief from the stay pursuant to § 362(d)."); In re Thirtieth Place, Inc., 30 B.R. 503, 506 (9th Cir. 1983) (noting that where a petition is filed in bad faith, "there is no basis for access to Chapter 11 and the protective machinery of the automatic stay"). The narrow issue before the Court is whether the court can do so sua sponte.

The inquiry begins and ends with the statutory grant of authority by Congress to the bankruptcy courts, which expressly includes the power to issue orders sua sponte:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or *to prevent an abuse of process*.

11 U.S.C. § 105(a) (emphasis added). A bad faith filing is a quintessential example of an abuse of process. Accordingly, the Court finds that in the context of a bad faith filing, a bankruptcy court may sua sponte annul the automatic stay retroactive to the date of petition in order to eliminate any vestiges of the abuse of process. Thus, the bankruptcy court's sua sponte retroactive application of the stay relief was proper.

3

Second, debtor argues that his due process rights were violated when the court held a hearing and granted creditor's Motion for Relief from Stay despite the fact that PACER indicated the motion was dismissed as moot. The Court is not persuaded by this argument, however. Even if debtor's due process rights were violated when the bankruptcy court initially granted stay relief to creditor, the bankruptcy court subsequently–and properly–superceded that order by retroactively applying the stay relief to the date of petition, which preceded creditor's motion. Accordingly, any due process violation regarding PACER would be harmless error because the motion it related to has subsequently been rendered moot. As a result, it is unnecessary to analyze debtor's due process claim.

## CONCLUSION

The bankruptcy court had the authority to sua sponte issue a retroactive annulment of the automatic stay, and such order rendered any due process violation irrelevant. Accordingly, the Order Denying Motion to Reopen is AFFIRMED.

**IT IS SO ORDERED.**

Dated: February 1, 2006

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

G:\CRBALL\2005\2138\order 1.wpd         4